The relief described hereinbelow is SO ORDERED.

Signed May 23, 2008.



Ronald B. King
United States Chief Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| LOTHIAN OIL, INC.; | § | CASE NO. 07-70121-RBK |
| LOTHIAN OIL USA, INC.; | § | CASE NO. 07-70122-RBK |
| LOTHIAN OIL TEXAS I, INC.; | § | CASE NO. 07-70123-RBK |
| LOTHIAN OIL TEXAS II, INC.; | § | CASE NO. 07-70124-RBK |
| LOTHIAN OIL INVESTMENTS I, INC.; | § | CASE NO. 07-70125-RBK |
| LOTHIAN OIL INVESTMENTS II, INC.; | § | CASE NO. 07-70126-RBK |
| LEAD I JVGP, INC., | § | CASE NO. 07-70127-RBK |
| | § | |
| | § | JOINTLY ADMINISTERED |
| | § | UNDER CASE NO. 07-70121-RBK |
| | § | |
| DEBTORS | § | CHAPTER 11 |

ORDER DENYING STAY PENDING APPEAL

On this day came on to be considered the "Ad Hoc Committee's Emergency Motion to Stay the Effect of the Court's Order on Debtors' Motion to Approve Compromise of Claims by and between the Debtors' Estates and Lothian Energy PLC Pending Appeal and Motion to Approve Bond" (Court document #1069), and it appears to the Court that a stay pending appeal should be denied.

The requested stay pending appeal is not a stay to supersede a money judgment against the Movants. The settlement funds approved by this Court are to be paid by the Debtor to Lothian Energy, PLC, and *not* by the Movants to any party. It is, therefore, discretionary rather than a matter of right. ***In re Texas Equipment Co.***, 283 B.R. 222, 226 (Bankr. N.D. Tex. 2002) (stay pending appeal a matter of right only for a money judgment). As stated by the Court of Appeals for the Fifth Circuit:

> Courts have restricted the application of Rule 62(d)'s automatic stay to judgments for money because a bond may not adequately compensate a non-appealing party for loss incurred as a result of the stay of a non-money judgment.

***Hebert v. Exxon Corp.***, 953 F.2d 936, 938 (5th Cir. 1992).

Consequently, four factors must be considered in determining whether to grant a stay pending appeal, all of which militate against the Movants. First, Movants cannot show a substantial likelihood that they will prevail on the merits of the appeal. Second, Movants cannot show irreparable injury if the stay pending appeal is not granted. Third, Movants cannot show that other parties will not suffer substantial harm if the stay is granted. Fourth, Movants cannot show that the public interest will not be harmed if the stay is granted. For the same reasons stated in ***In re Continental Securities Corp.***, 188 B.R. 205 (W.D. Va. 1995) (plan confirmation); ***In re The Charter Co.***, 72 B.R. 70 (Bankr. M.D. Fla. 1987) (Rule 9019 motion); and ***In re Baldwin United Corp.***, 45 B.R. 385 (Bankr. S.D. Ohio 1984) (Rule 9019 motion), the Court finds that the Motion should be denied.

It is, therefore, **ORDERED, ADJUDGED AND DECREED** that a stay pending appeal, as requested in the above-referenced Motion, is hereby **DENIED**.

# # #